UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRANDEE A. LEWIS,        )
        )
     Plaintiff,       )
        )
    v.        )     1:16-cv-00559-JAW
        )
KENNEBEC COUNTY, et al.,    )
        )
     Defendants.     )

**ORDER DENYING MOTION FOR ENTRY OF DEFAULT AS AGAINST DEFENDANT KIM VIGUE AND MOTION TO STRIKE UNTIMELY ANSWER OF DEFENDANT KIM VIGUE**

The Court denies a motion for entry of default against a defendant who had already filed a late answer to the complaint, denies a motion to strike the late-filed answer, declines to impose sanctions, and grants sua sponte a presumed motion to file a late answer.

I.    **BACKGROUND**

A.    **Relevant Procedural History**

On November 7, 2016, Brandee A. Lewis filed a complaint against Kennebec County, the Kennebec County Sheriff's Office and its Corrections Division, the Kennebec County Correctional Facility (KCCF), a number of Kennebec County officials and employees, Crisis & Counseling Centers, Correctional Health Partners (CHP), and Kimberly Arlene Vigue, alleging that while Ms. Lewis was housed in the KCCF, she was "brutally sexually assaulted and physically assaulted by a nurse and multiple staff members at the [KCCF]." *Compl.* ¶ 1 (ECF No. 1). The Complaint alleges that Kimberly Arlene Vigue was a registered nurse, was employed by CHP,

and acted as a nurse for the KCCF. *Id.* ¶ 16. The Complaint further alleges that Ms. Vigue is facing two counts of simple assault in a separate criminal matter related to the civil allegations made in the Complaint. *Id.* ¶ 1.

Ms. Lewis served Ms. Vigue with the Complaint and a summons on February 26, 2017.[1] *Summons Returned Executed* (ECF No. 34) (*Executed Summons*). Ms. Vigue answered the Complaint through counsel on March 28, 2017 and filed a cross-claim. *Def. Vigue's Answer, Defenses and Cross-cl.* (ECF No. 35) (*Def.'s Answer*). Ms. Vigue's cross-claim was against CHP, claiming that she was acting "at the direction of her employer, for its benefit and within the scope of that employment" and she was entitled to indemnification and a defense. *Id.* at 5. On April 4, 2017, CHP answered Ms. Vigue's cross-claim. *Def./Cross-cl. Def. Correctional Health Partners' Answer and Affirmative Defenses* (ECF No. 40).

On April 11, 2017, Ms. Lewis filed a motion for entry of default and a motion to strike answer against Ms. Vigue, *Mot. for Entry of Default for Failure to File Timely Answer and Mot. to Strike Untimely Answer of Def. Kim Vigue* (ECF No. 41) (*Pl.'s Mot.*), and a memorandum in support of her motions. *Mem. of Law in Supp. of Pl.'s Mot. for Entry of Default for Failure to File Timely Answer and Mot. to Strike Untimely Answer of Def. Kim Vigue* (ECF No. 43) (*Pl.'s Mem.*). Ms. Vigue responded on April 25, 2017. *Def. Vigue's Opp'n to Pl.'s Mot. [for] Entry of Default and Mot. to Strike* (ECF No. 50) (*Def.'s Opp'n*). Ms. Lewis replied on April 27, 2017. *Reply to Def.*

---

[1] There is a dispute as to whether Ms. Vigue was served on February 24 or February 26, 2017. As will be seen, the Court concludes that Ms. Vigue was served on February 26, 2017.

*Vigue's Opp'n to Pl.'s Mot. for Entry of Default and Mot. to Strike* (ECF No. 51) (*Pl.'s Reply*).

## B. Factual Background

After filing her Complaint on November 7, 2016, Ms. Lewis sent Ms. Vigue a "complete package for waiver of service on November 14, 2016." *Pl.'s Mot.* at 2. Ms. Vigue failed to respond or return a duly executed waiver form, *id.*, and on February 9, 2017, the Court issued an order to show cause because Ms. Lewis had named Ms. Vigue as a defendant in the Complaint but had not served her. *Order to Show Cause* (ECF No. 29). On February 10, 2017, Ms. Lewis moved to extend the time within which to serve Ms. Vigue to an additional forty-five days, or until March 31, 2017, explaining that her failure to serve Ms. Vigue was "excusable neglect." *Partially Consented to Mot. to Extend Time to Effect Service Upon Def. Kim Vigue* at 2 (ECF No. 30). On February 23, 2017, the Magistrate Judge granted the motion to extend time and terminated the Order to Show Cause. *Order Granting Mot. to Extend Time to Serve Def. Vigue* (ECF No. 31); *Order Terminating Order to Show Cause* (ECF No. 32).

On February 23, 2017, the Clerk's Office issued a summons for Ms. Vigue. *Summons in a Civil Action* (ECF No. 33). A server from the Lincoln County Sheriff's Office served the summons on Ms. Vigue on February 26, 2017, and Ms. Lewis filed the executed summons with the Court on March 5, 2017. *Executed Summons*. On March 28, 2017, Ms. Vigue answered the Complaint and filed a cross-claim against her employer. *Def.'s Answer*.

## II.    THE PARTIES' POSITIONS

### A.    Brandee Lewis' Motion

Stating that the Court set a deadline of March 20, 2017 for Ms. Vigue to file an answer, Ms. Lewis observes that Ms. Vigue simply filed an answer on March 28, 2017 "[w]ithout requesting leave of court or an extension of time." *Pl.'s Mot.* at 2.  Ms. Lewis asserts that Ms. Vigue's answer would have been due on March 17, 2017 but for the Court-imposed deadline.  *Id.*  Ms. Lewis also notes that on March 23, 2017, after no timely answer was filed by Ms. Vigue, the Court set April 24, 2017 as the deadline for Ms. Lewis to file a motion for default.  *Id.*  Noting that Ms. Vigue refused to waive service, Ms. Lewis urges the Court to strike Ms. Vigue's answer and to issue a default against her since she "in all, had over 4 months to retain counsel and file an Answer to Plaintiff's Complaint." *Pl.'s Mem.* at 3–4.

### B.    Kim Vigue's Opposition

In her response, Ms. Vigue first argues that Ms. Lewis failed to comply with Rule 55, which she claims requires a party moving for entry of default to show "by affidavit" that the party against whom the default is sought has "failed to plead or otherwise defend." *Def.'s Opp'n* at 2 (quoting FED. R. CIV. P. 55(a)).  Ms. Vigue notes that she submitted an answer on March 28, 2017, two weeks before Ms. Lewis filed her motion for default, and she asserts that the reason Ms. Lewis did not file an affidavit is that she could not have done so.  *Id.*  Ms. Vigue contends that even though she was served on February 26, 2017, she was unaware until counsel entered his

appearance on her behalf that she was required to file an answer by March 20, 2017. *Id.*

Ms. Vigue also asserts that on March 14, 2017, her counsel contacted Ms. Lewis' counsel and requested an extension of time to file an answer until April 24, 2017 and that Ms. Lewis' attorney responded that she would agree to the extension if Ms. Vigue's attorney agreed to a motion she stated she was preparing to amend the complaint. *Id.* Ms. Vigue's attorney responded on March 15, 2017 that he would probably agree to the motion to amend but would like to see the amendments first. *Id.* at 3. Ms. Lewis' attorney failed to respond, and at no time informed Ms. Vigue's lawyer that her answer was due by March 20, 2017. *Id.* Ms. Vigue's attorney contends that Ms. Lewis should be estopped from the requested relief. *Id.* at 4.

### C. Brandee Lewis' Reply

In her reply, Ms. Lewis reiterates that Ms. Vigue failed to timely file her answer, and that no leave of court has been granted for the filing of a late pleading. *Pl.'s Reply* at 2. Ms. Lewis' attorney rejects Ms. Vigue's argument that she had an obligation to inform Ms. Vigue's counsel about the impending filing deadline. *Id.* Ms. Lewis states that "[t]he Court Order on March 6th was not actually an 'Order' but a notice setting a deadline which was actually greater than the 21 days from service of summons upon Defendant Vigue." *Id.*

Ms. Lewis' attorney also rejects the argument that her discussion with Ms. Vigue's counsel justified the filing of a late answer, noting that no agreement for extension was reached and arguing that Ms. Vigue's lawyer should have known to

file a motion for extension of time, whether consented to by counsel or not. *Id.* at 3. Finally, responding to the Rule 55 affidavit issue, Ms. Lewis observes that Rule 55 provides that the failure to plead may be shown by affidavit "or otherwise." *Id.* at 4 (quoting FED. R. CIV. P. 55(a)).

## III. DISCUSSION

It is unfortunate that a lawsuit involving such manifestly serious allegations has begun with a squabble between attorneys.

First, the Court concludes that Rule 55 is not applicable to this situation. By its terms, Rule 55 applies only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Ms. Vigue answered the Complaint on March 28, 2017, and Ms. Lewis filed the instant motion for entry of default on April 11, 2017, after Ms. Vigue had filed her answer. To state the obvious, Rule 55(a) does not authorize either the entry of default or a default judgment against a party not in default.

Second, the Court concludes that Ms. Vigue was served on February 26, 2017, not February 24, 2017. The server noted in his Proof of Service:

> This summons for (*name of individual and title, if any*) Kimberly Vigue was received by me on (*date*) 2-24-17.

*Executed Summons* at 2. February 24, 2017 is the date the server received the summons, not the date he served it. The summons goes on to state:

> I personally served the summons on the individual at (*place*) . . . Jefferson on (*date*) 2-26-17.

*Id.* February 26, 2017 is the date the server actually served Ms. Vigue. In determining the date by which a defendant must file an answer, the date of service itself is not counted. FED. R. CIV. P. 12(a)(1)(A)(i) ("within 21 days <u>after</u> being served") (emphasis supplied). Thus, pursuant to Rule 12, Ms. Vigue was required to file her answer within twenty-one days of February 27, 2017, or by March 20, 2017. The clerk's docket entry on March 5, 2017, which states that the answer was due by March 20, 2017, echoed the provisions of Rule 12.

Setting aside the motion for entry of default, Ms. Lewis' claim for relief is really found in her motion to strike Ms. Vigue's answer. In Ms. Lewis' view, Ms. Vigue's untimely answer justifies striking the answer, and in effect Ms. Lewis is demanding an entry of default and default judgment as a sanction for the late answer. Ms. Lewis argues first that the Court should consider Ms. Vigue's refusal or failure to waive service in deciding whether to sanction her for a late answer. The Court declines to do so. Although Ms. Lewis might be justifiably annoyed that Ms. Vigue insisted on actual in-hand service when others did not, and thereby (perhaps) delayed the proceedings, Rule 4 contains the typical penalty for failing without good cause to sign and return a waiver, and it is not default. Rule 4 provides that if a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: "(A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." FED. R. CIV. P. 4(d)(2)(A)-(B). The Court does not view the

imposition of a default judgment as a proper sanction for failing or refusing to waive service.

Next, Ms. Lewis stands by her view that she is entitled to a default simply because the answer was untimely. The Court disagrees. As the Court of Appeals for the First Circuit has written, "[d]efault is strong medicine and should be prescribed only in egregious cases." *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37–38 (1st Cir. 2012) (citations omitted). Indeed, the rule in the First Circuit is that "a defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit.'" *Key Bank of Maine v. Tablecloth Textile Co.*, 74 F.3d 349, 353 (1st Cir. 1996) (quoting *Muniz v. Vidal*, 739 F.2d 699, 700 (1st Cir. 1984)). Attorney Spurling's March 28, 2017 answer denying the essential allegations of the complaint is a clear indication of Ms. Vigue's "clear purpose to defend the suit." *See id.*

Furthermore, the circumstances in this case are hardly so egregious as to justify default. The email exchange between counsel reveals that on March 14, 2017, before Ms. Vigue's answer was due, Ms. Vigue's attorney wrote to Ms. Lewis' attorney:

> This office has been retained to represent Kimberly Vigue in the civil action you have filed in the United States District Court. I am sure you appreciate that it will take some time to investigate and prepare an answer and defenses to your two hundred and twenty-three (223) paragraphs of the complaint. I am requesting that I be given an additional thirty (30) days to prepare an answer and any affirmative defenses that may exist.
>
> I understand that the answer is due by March 17, 2017. I propose that you agree to allow me until April 24, 2017 or some other date agreed to by counsel to file the answer.

*Def.'s Opp'n* Attach. 1, *Ex. A, Letter from Att'y C.H. Spurling to Att'y Jackie T. DiGiacomo* (Mar. 14, 2017) (delivered via email).

On March 14, 2017, Attorney DiGiacomo responded:

I have reviewed the request by Attorney Spurling. I will agree to the extended deadline proposed if Attorney Spurling will consent to the Motion I am preparing to Amend the Complaint. I would like to include the parent company for Correctional Health Partners and there are a couple of other changes I would like to make.

Please let me know if Attorney Spurling is amenable to the amended complaint.[2]

*Id.* Attach. 2, *Ex. B, Email from Att'y Jackie T. DiGiacomo to Legal Assistant* (Mar. 14, 2017). The legal assistant responded to Attorney DiGiacomo on March 15, 2017 that she had passed her request along to Attorney Spurling. *Id.*

On March 15, 2017, Attorney Spurling replied:

I probably will agree to amending the complaint but would like to see the amendments first. No problem with naming parent company.

*Id.* Attach. 3, *Ex. C, Email from Att'y C.H. Spurling to Att'y Jackie DiGiacomo* (Mar. 15, 2017). There is no indication in this record that Attorney DiGiacomo ever sent Attorney Spurling the proposed amended complaint, and the court docket does not reflect that she has yet filed an amended complaint in this case.

Based on this exchange, although the understanding between counsel could have been clearer, the Court finds that Attorney Spurling reasonably concluded that Attorney DiGiacomo was going to send him a proposed amended complaint and that he could delay answering the original complaint until she had done so. When

---

[2] Attorney DiGiacomo wrote the email response in this fashion because Attorney Spurling's legal assistant was the person who actually sent Attorney Spurling's March 14, 2017 letter to her.

Attorney DiGiacomo did not send him the proposed amended complaint, Attorney Spurling filed the answer on March 28, 2017, eight days late. This type of exchange between attorneys is remarkably routine in the practice of law and the law would grind to a standstill if attorneys were unable to rely on similar exchanges regarding all manner of deadlines.

It is also true that any informal agreement about deadlines by the lawyers— like the one here—is ultimately subject to judicial oversight and, when the proposed amended complaint was not forthcoming by the time the answer was due, it would have been prudent for Attorney Spurling to have filed a timely motion to extend the time within which to file an answer. Although lawyers can usually count on judges to use their discretionary authority wisely, it is wiser yet for lawyers to exercise their professional discretion to eliminate even the possibility of an unexpected and untoward judicial result. In the circumstances of this case, the Court would most likely have looked favorably on granting a timely-filed reasonable extension of time to file an answer. If Attorney Spurling had done so, it is unlikely that this entire controversy would have taken place.[3]

Finally, the Court observes that it is making this ruling in the absence of any plausible claim from Ms. Lewis that she has been prejudiced by the late filing of Ms. Vigue's answer. Indeed, Ms. Lewis pointed to no potential prejudice at all from the eight-day delay. In addition, Ms. Lewis did not request and obtain an entry of default

---

[3]     In fact, Attorney Spurling has not yet filed a motion to file late answer, an omission the Court is remedying in this Order.

against Ms. Vigue in the interval between March 21, when Ms. Vigue was in potential default, and March 28, when she answered the Complaint. The Court is therefore not addressing a motion for relief from entry of default, which would require the Court to analyze the motion under a slightly different standard.

The Court views all of this as an unfortunate diversion, especially given the manifestly serious nature of the allegations in the Complaint.

## IV. CONCLUSION

The Court DENIES Motion for Entry of Default for Failure to File Timely Answer and Motion to Strike Untimely Answer of Defendant Kim Vigue (ECF No. 41). The Court GRANTS sua sponte the Defendant Kimberly Vigue's presumed motion to file late answer and cross-claim.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2017