UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRANDEE A. LEWIS, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:16-cv-00559-JAW |
| KENNEBEC COUNTY, et al., | ) ) | |
| Defendants | ) | |

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANTS' MOTIONS TO STRIKE

In this action, Plaintiff Brandee Lewis alleges that Defendants violated certain constitutionally-protected rights while she was detained or incarcerated at the Kennebec County Correctional Facility. (Complaint at 2, ECF No. 1.)

The matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint to Add Parties (ECF No. 76); Defendant Vigue's Motion to Strike Portions of Plaintiff's Proposed Amended Complaint (ECF No. 77); and Defendant Vigue's Motion to Strike the Affidavit of Plaintiff's Counsel Submitted in Support of Plaintiff's Motion to Amend (ECF No. 78).[1]

Following a review of the record and the proposed amended complaint (ECF No. 76), and after consideration of the parties' arguments, the Court grants Plaintiff's motion to amend, and denies Defendants' motions to strike.

---

[1] The other defendants in this action have joined in Defendant Vigue's motions. (See ECF Nos. 82, 85, 86.)

## BACKGROUND

Plaintiff alleges in part that Defendant Kimberly Vigue, in her capacity as a nurse employed by Correctional Health Partners, ignored Plaintiff's requests to forego her prescribed medication and forcibly administered medication to Plaintiff, including medication that was not prescribed.[2]

Through her motion to amend, in addition to modifying the headings to some of the asserted counts and asserting additional counts, Plaintiff seeks to join as parties Kennebec County employees Myra Gagnon, Hannah Simmons, and Courtney Pierce, and Physician Health Partners, LLC. Plaintiff contends that discovery has revealed a factual basis to support claims against the Kennebec County employees based on their alleged assistance of Defendant Vigue and their failure to intervene on Plaintiff's behalf. (Proposed Am. Compl. ¶¶ 71, 85, 91 – 94, 97, 98.) Plaintiff maintains that claims of negligent supervision (Count XII) and respondeat superior liability (Count XV), against Physician Health Partners are supportable because Physician Health Partners is the parent company of Defendant Correctional Health Partners, Defendant Vigue's employer. (*Id.* ¶¶ 26, 27.) Although Defendants object to certain aspects of the proposed amended complaint, with limited exceptions, Defendants do not oppose Plaintiff's request for leave to amend the complaint.

---

[2] Plaintiff also alleges other defendants assaulted her on other occasions.

## DISCUSSION

A.  **Plaintiff's Motion to Amend**

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). Because Plaintiff's motion to amend was filed more than 21 days after Plaintiff received an answer to her original complaint, absent the written consent of Defendants, Plaintiff must obtain leave of court to amend her complaint. To the extent a court determines a proposed claim would be futile because the facts fail to state an actionable claim, the court can deny the motion. *Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009).

Defendant Correctional Health Partners opposes Plaintiff's attempt to join Defendant's parent company, Physician Health Partners, as a party. Through the affidavit of its CEO, Defendant Correctional Health Partners contends that the Court lacks personal jurisdiction over Physician Health Partners. (Correctional Health Partners' Opposition to Plaintiff's Motion for Leave to Amend, ECF No. 84; Aff. of Jeff Archambeau,[3] ECF No. 84-1.)

---

[3] Mr. Archambeau is currently the CEO of Correctional Health Partners, LLC (CHP). Formerly, Mr. Archambeau was Manager of Business Development and Vice President of Business Development at Physician Health Partners, LLC (PHP). (Aff. of Jeff Archambeau, ¶¶ 1 – 2.) According to Mr. Archambeau, PHP does not conduct any business in Maine. (*Id.* ¶ 6.) CHP and PHP "shared the same employee handbook" because they consult with the same outside entity on matters of payroll, recruitment, and human resources. (*Id.* ¶¶ 6 – 7.) Additionally, CHP has "used PHP" to run employee background checks because PHP has a contract with an entity that conducts background checks. (*Id.* ¶ 8.)

In the proposed amended complaint, Plaintiff attempts to assert claims against Physician Health Partners based on its status as the parent company to Defendant Correctional Health Partners, which provided medical services to the Kennebec County Jail. Plaintiff asserts that both "Correctional Health Partners and Physician Health Partners, LLC transact substantial affairs in this District." (Am. Compl. ¶ 4(d).)

In *Donatelli v. National Hockey League*, 893 F.2d 459 (1st Cir. 1990), when assessing whether the trial court had personal jurisdiction over a parent company and a wholly-owned subsidiary, the First Circuit noted:

> In general, the courts have presumed the institutional independence of parent and subsidiary when determining whether jurisdiction may be asserted over the parent solely on the basis of the subsidiary's contacts with the forum. But, the fact of separate incorporation is not alone determinative of a court's constitutional power to assert personal jurisdiction over the parent based on the subsidiary's activities; rather, there is a presumption of corporate separateness that may be overcome by clear evidence.

*Id.* at 465 (citations and internal quotation marks omitted).

Because the mere corporate relationship between Defendant Correctional Health Partners and Physician Health Partners is insufficient to establish this Court's personal jurisdiction over Physician Health Partners, a personal jurisdiction issue regarding Physician Health Partners could possibly exist. However, "it is not the duty of the plaintiff to plead personal jurisdiction, but rather that of the defendant to raise or else waive lack of personal jurisdiction as an affirmative defense. Only once the defendant has contested personal jurisdiction does it become incumbent upon the plaintiff to make a prima facie showing of jurisdiction through its pleadings and affidavits." *Danaher Corp. v. Travelers Indem. Co.*, No. 1:10-cv-00121, 2014 WL 1133472 at *5 (S.D.N.Y. Mar. 21, 2014)

(citation omitted). In other words, the lack of personal jurisdiction is a personal defense. *Alger v. Hayes*, 452 F.2d 841, 842 – 43 (8th Cir. 1972). Defendant Correctional Health Partners cannot assert a defense that is personal to Physician Health Partners. *See Afshari v. Bear Archery, Inc.*, No. 5:12-cv-00013, 2012 WL 3027649 at *3 (E.D. Ky. July 24, 2012) ("[T]here is no authority for denying a motion for leave to amend on the basis of the preemptive assertion of lack of personal jurisdiction. Personal jurisdiction is a personal defense.")

Defendant Vigue argues Plaintiff should be required to identify for each count the specific defendant(s) against whom it is asserted. Defendant Vigue further contends that certain counts are redundant (counts II, IX, and X). Because in the proposed amended complaint Plaintiff refers to "Defendants" in each of the counts, Plaintiff appears to allege that all of the defendants engaged in all of the alleged conduct. For instance, at several points, Plaintiff alleges that "Defendants" grabbed Plaintiff and forced her into a restraining chair. (Proposed Amended Complaint ¶¶ 164, 182, 196, 206, 216, 248.) Unless each defendant engaged in the conduct, clarification is necessary. Otherwise, at least initially, each defendant would be required to defend against all of the claims regardless of whether the defendant engaged in the alleged conduct. Such a result would be inconsistent with the purpose of notice pleading. *Redondo Waste Sys.*, *Inc. v. Lopez-Freytes*, 659 F.3d 136, 141 (1st Cir. 2011) ("The whole point of notice pleading is to apprise defendants of the claims against them.").

## B. Defendants' Objection to and Motion to Strike Specific Portions of Plaintiff's Proposed Amended Complaint

While Defendants did not oppose Plaintiff's request for leave to amend the complaint, Defendant Vigue, joined by other defendants, asks the Court to strike certain language in the existing complaint and require Plaintiff to exclude certain language in her amended pleading. Specifically, Defendant Vigue objects to Plaintiff's use of the words "torture," "stabbing," "sexual assault," and "ripped off"; to Plaintiff's inclusion of a home address in her allegations regarding Defendant's domicile; to Plaintiff's allegations referencing Defendant Vigue's mother; and to Plaintiff's allegations regarding criminal proceedings involving Defendant Vigue. (ECF No. 77.) In addition, Defendant Vigue asks the Court to strike counts II and IX because they are redundant of count X. (*Id.*) Finally, Defendant Vigue asks that the affidavit of counsel Plaintiff submitted with her motion to amend be stricken from the docket. (ECF No. 78.)

A motion to strike portions of a pleading is appropriate only for content that is "redundant, immaterial, impertinent, [or] scandalous." Fed. R. Civ. P. 12(f); *see Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985). Motions to strike are "disfavored in practice, and not calculated readily to invoke the court's discretion." *Boreri*, 763 F.2d at 23. "In general, a motion to strike should be denied unless it is clear that the challenged matter can have no possible bearing on the subject matter of the litigation." *McLaughlin v. RCC Atlantic, Inc.*, 269 F.R.D. 56, 57 – 58 (D. Me. 2010) (citations and internal quotation marks omitted). "Rule 12(f) motions are not typically granted without a showing of prejudice to the moving party." *Sheffield v. City of Boston*, 319 F.R.D. 52, 54 (D. Mass. 2016).

### 1. Allegedly inflammatory language

While the Court understands Defendants' concerns about some of the language used by Plaintiff, particularly as it does not appear the challenged language is necessary to state an actionable claim, the governing standard is not whether the language is necessary or, in an opposing party's view, accurate. Indeed, a party often disagrees with an opposing party's characterization of certain events or conduct. Given that motions to strike are "disfavored in practice, and not calculated readily to invoke the court's discretion," *Boreri*, 763 F.2d at 23, the Court cannot conclude that the language is within the scope of Rule 12(f).

### 2. Inclusion of home address

Although the inclusion of a party's home address is not required to state an actionable claim within the federal court's jurisdiction, the information is not within the scope of Rule 12(f).

### 3. Allegations Regarding Defendant Vigue's mother

Plaintiff alleges that "staff at KCCF … saw nurse Vigue consult with her mother who was also a nurse at a different facility for advice on dispensing medications," and that "Nurse Vigue's mother had no authority … to medically assess the needs of inmates housed at KCCF." (Am. Compl. ¶¶ 46 – 47.) Read in context of the other allegations, the allegations are evidently in part designed to support Plaintiff's contention that Defendant Vigue acted without appropriate authority. The Court thus cannot conclude the allegations are within the scope of Rule 12(f).

### 4. Criminal proceedings against Defendant Vigue

Defendant Vigue argues that allegations regarding criminal proceedings against her should be stricken. According to Plaintiff, the State charged Defendant Vigue with two counts of assault based on the events related in Plaintiff's complaint. (Am. Compl. ¶ 132.) The information, if accurate, might not be admissible at trial or any pretrial proceedings. Whether the information is admissible at a trial or in any pretrial proceedings does not control the determination of Plaintiff's motion to strike. The Court cannot at this stage of the proceedings conclude the information is immaterial. Accordingly, the information is not within the scope of Rule 12(f).

### 5. Alleged Redundant Counts

Defendant Vigue's argument that certain counts should be stricken as redundant is unpersuasive. Count II is a federal claim, and counts IX and X are similar claims, but appear to allege separate incidents.

## C. Motion to Strike Counsel's Affidavit

Plaintiff's counsel filed an affidavit in support of the motion to amend. (Aff. of David Flores, ECF No. 76-2.) Defendant Vigue argues the affidavit should be stricken because counsel states that the facts alleged in the amended complaint are true and correct based on his personal knowledge. (Motion, ECF No. 78.) Defendant's argument essentially challenges the weight the Court should give to the affidavit, and the Court has considered Defendant's arguments in its assessment of the motion to amend. The Court, however, will not strike the affidavit as it is not within the scope of Rule 12(f).

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's Motion for Leave to File Amended Complaint to Add Parties.[4] (ECF No. 76.) Plaintiff shall file the proposed amended complaint on or before January 5, 2018; provided, however, that Plaintiff shall distinguish among the various defendants when she alleges the conduct relevant to the separate counts.

In addition, the Court denies Defendants' Motion to Strike Portions of Plaintiff's Proposed Amended Complaint (ECF No. 77), and Defendants' Motion to Strike the Affidavit of Plaintiff's Counsel Submitted in Support of Plaintiff's Motion to Amend. (ECF No. 78.)

## NOTICE

Any objections to this Decision and Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of December, 2017.

---

[4] Plaintiff's motion to amend (ECF No. 76), the supporting memorandum (ECF No. 76-1), and the proposed amended complaint (ECF No. 76-3) were signed solely by Attorney David Flores, who has been admitted to this Court pro hac vice. (Certification, ECF No. 37.) Local Rule 83.1(c)(1) provides in relevant part: "Any [attorney admitted pro hac vice] shall have at all times associated with him/her a member of the bar of this Court, upon whom all process, notices and other papers may be served and *who shall sign all papers filed with the Court*." (emphasis added). Although the Court has considered the motion to amend, the Court reminds Plaintiff's counsel of the requirements of the Rule and cautions that should Plaintiff file further pleadings that do not comply with the Rule, the Court could reject or disregard the pleadings and counsel's ability to participate pro hac vice could be revoked. *See* Local Rule 83.1(c)(1) ("The Court may at any time for good cause and without hearing revoke the right of a visiting lawyer to practice.")