UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRANDEE A. LEWIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00559-JAW |
| | ) | |
| KENNEBEC COUNTY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

Plaintiff asks for reconsideration of the Recommended Decision on the motion to dismiss of Defendant Physician Health Partners, Inc., and on Plaintiff's motion for jurisdictional discovery. (Motion, ECF No. 136.)

**Discussion**

A motion for reconsideration should not be used "'as a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented'" before the decision. *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (quoting *Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir. 2006)). "Ordinarily, a motion for reconsideration is appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the moving party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me. 2009).

Here, Plaintiff has not pointed to a change in the law or any additional facts that would support reconsideration of the recommended decision. In addition, Plaintiff's argument that the recommended decision is "clearly unjust" is not persuasive. (Motion at 2)

As in her previous filings, Plaintiff contends that Defendant Physician Health Partners, Inc., and its subsidiary, Correctional Health Partners, are "intertwined" and, therefore, dismissal of Physician Health Partners is inappropriate without permitting jurisdictional discovery. In her motion, Plaintiff attempts to provide more specificity regarding the discovery she would like to conduct. Essentially, Plaintiff seeks to conduct discovery to ascertain the control that Physician Health Partners might exercise over Correctional Health Partners. Plaintiff, however, cites no new information to suggest that the requested discovery would result in a basis for the Court's personal jurisdiction over Physician Health Partners.

As explained in the recommended decision, Physician Health Partners' economic interest in the success of Correctional Health Partners and the information proffered regarding the relationship between Physician Health Partners and Correctional Health Partners (e.g., shared office space and corporate agent, information in the corporate handbook) are not uncommon to a parent-subsidiary relationship and do not serve as a basis for personal jurisdiction, nor warrant jurisdictional discovery. Otherwise, a party would be entitled to obtain jurisdictional discovery from a parent company whenever the party asserts a claim against a subsidiary. Such a result would be inconsistent with the requirement that a party demonstrate a colorable case for the existence of personal

jurisdiction over a party for a court to consider authorizing jurisdictional discovery. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001).

## Conclusion

Based on the foregoing analysis, and the analysis set forth in the Recommended Decision, I deny Plaintiff's motion for reconsideration. To the extent Plaintiff's motion for oral argument included a request for oral argument on the motion for reconsideration, I deny the request for oral argument.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of June, 2018.